UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BANK OF ENGLAND,

        Plaintiff,

v.

        Civil Action No. 3:18-cv-00301

FIDELITY NATIONAL TITLE INSURANCE COMPANY,

        Defendant.

## COMPLAINT

Plaintiff Bank of England ("Plaintiff" or "Bank of England"), by counsel, Taylor and Price PLLC, alleges the following against Defendant Fidelity National Title Insurance Company ("Defendant" or "Fidelity") on information and belief:

**I.   PARTIES**

1. Plaintiff Bank of England is a bank headquartered in and with its principal place of business in England, Arkansas.

2. Defendant Fidelity is a corporation incorporated under the laws of the State of California with its principal place of business in the State of Florida.

**II.   JURISDICTION**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds Seventy-five Thousand Dollars ($75,000).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## III. THE INSURANCE POLICY

5. On or about March 1, 2016, Fidelity issued Loan Policy of Title Insurance No. 27307-95477137 ("the Policy"). A copy of the Policy is attached to this Complaint as "Exhibit 1."

6. The Policy provides title insurance coverage in connection with a mortgage loan made to Sharla Jean Griffith for property commonly known as 25 Wynfield Trace, Winfield, West Virginia 25213 ("the Property").

7. The Policy insures against, among other things, "[t]itle being vested other than as stated in Schedule A" of the Policy and "[a]ny defect in or lien or encumbrance on the title to the Property."

8. The Policy provides that Fidelity "will also pay the costs, attorneys' fees, and expenses incurred in defense of any matter insured against by this Policy …."

9. The named insured under the Policy is "MERS, acting solely as nominee for Bank of England, and/or Secretary of Housing and Urban Development of Washington, D.C., their respective successors and assigns, as their interests may appear."

10. The Policy defines Insured to include "the owner of the Indebtedness and each successor in ownership of the Indebtedness, whether the owner of the indebtedness owns the Indebtedness for its own account or as a trustee or other fiduciary."

11. Bank of England is "Insured" within the meaning of the Policy.

12. Section 2 of the Policy provides in pertinent part:

> The coverage of this policy shall continue in force as of Date of Policy in favor of an Insured after acquisition of the Title by an Insured or after conveyance by an Insured, but only so long as the Insured retains an estate or interest in the Land, or holds an obligation secured by a purchase money Mortgage given by the purchaser from the Insured, or only so long as the Insured shall have liability by reason of warranties in any transfer or conveyance of the Title.

13. Bank of England has performed pursuant to the terms of the policy.

**IV.  THE UNDERLYING DISPUTE**

14. On or about February 16, 2016, Arnold N. Wehrle Jr. conveyed property known as 25 Wynfield Trace, Winfield, West Virginia 25213 to Sharla Jean Griffith ("Borrower").

15. On or about February 16, 2016, Borrower executed and delivered a Deed of Trust to Bank of England as security for a promissory Note in the principal amount for One Hundred Thirty-Two Thousand Five Hundred Fifty-Four Dollars ($132,554).

16. The Deed and Deed of Trust were recorded by the County Clerk of Putnam County, West Virginia, on or about March 1, 2016.

17. On or about February 10, 2017, Arnold N. Wehrle, Jr. filed a Complaint against the Borrower, Title First Agency, Inc., Bank of England, Lisa L. Balderson, and Mortgage Electronic Registration Systems, Inc. in the Circuit Court of Putnam County, West Virginia (Civil Action No. 17-C-26) ("Underlying Dispute").

18. In the Complaint, Arnold N. Wehrle, Jr. asserts that the property description in the Deed was incorrect in that it transferred the residue of a larger tract of property, rather than merely the property commonly known at 25 Wynfield Trace, to Borrower. The Complaint asserts causes of action for negligence, slander of title, outrage, tortious interference, removal of cloud and quieting of title, negligent selection of independent contractor, and respondeat superior.

19. On or about March 1, 2017, Mortgage Electronic Registration Systems, Inc., as nominee for Bank of England, its successors and assigns, completed a Corporate Assignment of Deed of Trust to Wells Fargo Bank, N.A.

20. The Underlying Dispute remains pending in the Circuit Court of Putnam County, West Virginia.

**V.    THE CLAIM**

21.    Bank of England has made demand on Fidelity and satisfied all conditions precedent to the provision of coverage under the Policy.

22.    On or about March 16, 2017, counsel for Bank of England filed an insurance claim on behalf of Bank of England requesting that Fidelity provide a defense and indemnity. On that same day, Fidelity acknowledged receipt of the notice of claim.

23.    On or about March 17, 2017, Fidelity denied Bank of England's claim. In its denial letter, Fidelity quoted the Policy language set forth in Paragraph 13 of this Complaint and stated:

> The Company [Fidelity] is in possession of an unrecorded Corporate Assignment of Deed of Trust, executed on or about March 1, 2017, by which MERS, as nominee for the Claimant [Bank of England], assigned the Insured Deed of Trust to Wells Fargo Bank, N.A. Because the Claimant has assigned the Insured Deed of Trust, it no longer retains an interest in the Property. Because the Claimant no longer retains an interest in the Property, it no longer constitutes an Insured under the Policy.

24.    On or about May 2, 2017, counsel for Bank of England sent a follow-up letter to Fidelity requesting reconsideration of Fidelity's original decision and provision of a defense and indemnification to Bank of England. The letter identified three reasons why Fidelity's original decision was incorrect:

- Mr. Wehrle's complaint alleges wrongdoing on the part of Bank of England, which Bank of England, of course, denies, during a period in which Bank of England indisputably held an interest in the Property. The complaint asserts wrong-doing beginning shortly after the property was transferred through the date of the filing of the complaint. It is undisputed that Bank of England was an insured under the Policy during this period.

- Mr. Wehrle's complaint against Bank of England was filed on February 10, 2017, which was before the Corporate Assignment of Deed of Trust was executed. Fidelity National cannot take advantage of the filing of a Corporate Assignment of Deed of Trust *after* the filing of the Complaint to deny coverage.

- The proffered basis for denying coverage ignores the remaining language in the "Continuation of Coverage" provision. In this case, Mr. Wehrle, who has brought causes of action against Bank of England for negligence, slander of title, outrage, tortious interference with contract and to quiet title, asserts that Bank of England "holds an obligation" and "ha[s] liability" to him, albeit ones that Bank of England disputes.

25. On or about May 17, 2017, Fidelity again denied Bank of England's claim on the ground that "on March 1, 2017, the Claimant ceased to be the insured under the Policy, and the Company's duty to defend the Claimant under the Policy."

26. All conditions precedent to Plaintiff's right of recovery have been performed or have occurred.

## COUNT I
## DECLARATORY JUDGMENT

27. Plaintiff re-alleges and incorporates by reference the allegations contained in this Complaint's preceding paragraphs.

28. An actual controversy exists between Plaintiff and Defendant concerning their rights, status, and legal relations with regard the Policy and the Underlying Dispute.

29. Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaratory judgment concerning whether coverage is available under the Policy in connection with the Underlying Dispute.

30. Because Defendant has refused to act, and in the face of ongoing and continuing harm, Plaintiff seeks a declaration that the Defendant has duties to pay defense costs and defend Plaintiff in the Underlying Dispute and to pay any liability, which Plaintiff denies, that may be incurred by Plaintiff as a result of the Underlying Dispute.

## COUNT II
## BREACH OF CONTRACT AND BREACH OF IMPLIED DUTY OF
## GOOD FAITH AND FAIR DEALING

31. Plaintiff re-alleges and incorporates by reference the allegations contained in this Complaint's preceding paragraphs.

32. The Policy is a contract between Mortgage Electronic Registration Systems, Inc., as nominee for Plaintiff, its successors and assigns. As such, Plaintiff is a beneficiary to the Policy.

33. Defendant has a duty to defend and indemnify Plaintiff with respect to the Underlying Dispute.

34. Defendant has breached and repudiated its duty to defend and indemnify Plaintiff with respect to the Underlying Dispute.

35. Defendant has a duty to deal fairly and in good faith with Plaintiff.

36. Defendant has breached its duty to deal fairly and in good faith with Plaintiff by breaching industry standards with respect to the manner in which the claim was adjusted and handled by failing to undertake an appropriate investigation of Plaintiff's claims and West Virginia law to determine Defendant's liability to Plaintiff, by failing to defend and protect the interests of Plaintiff, by failing to take into account the interests of Plaintiff and/or placed its interests above those of Plaintiff, and by failing to comply with industry standards generally in connection with the investigation, evaluation, and resolution of Plaintiff's claim.

37. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in the amounts of the defense costs incurred by Plaintiff and in amounts otherwise to be determined as a result of the underlying dispute.

## COUNT III
## INSURANCE UNFAIR TRADE PRACTICES
### W. Va. Code § 33-11-1 et seq.

38. Plaintiff re-alleges and incorporates by reference the allegations contained in this Complaint's preceding paragraphs.

39. Defendant issued the Policy for Plaintiff. The Policy was and is in full force and effect.

40. On March 16 and May 2, 2017, Plaintiff provided defendant with notice of its claims in connection with the Underlying Dispute.

41. The liability of Defendant to Plaintiff was and is reasonably clear.

42. Despite Defendant's liability being reasonably clear, Defendant failed to undertake prompt and reasonable efforts to evaluate, negotiate, and adjust Plaintiff's insurance claim or, in the alternative, did evaluate the claim and, after doing so, made a deliberate choice to deny coverage.

43. Defendant failed to undertake an adequate investigation of Plaintiff's claims, or, in the alternative, did undertake an adequate investigation which it then purposely ignored.

44. Defendant has failed to defend and indemnify Plaintiff in the underlying dispute.

45. The acts and omissions of Defendant constitute unfair and deceptive acts or practices in the business of insurance within the meaning of West Virginia Code § 33-11-3.

46. The acts and omissions of Defendant in handling Plaintiff's claim violated West Virginia Code § 33-11-4(9) in the following particulars: (a) Refusing to pay claims without conducting a reasonable investigation based upon all available information; (b) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has

- 8 -

become reasonably clear; and (c) Compelling Plaintiff to institute litigation to recover amounts due under an insurance policy.

47. The acts and omissions of Defendant in handling Plaintiff's claim were committed and/or performed with such frequency as to indicate a general business practice.

48. The acts and omissions of Defendant in handling Plaintiff's claim were intentional, willful, outrageous in character and were done in bad faith without regard to the rights of Plaintiff.

49. The acts and omissions of Defendant in handling Plaintiff's claim caused Plaintiff to incur substantial costs, expenses, and attorney's fees, including, but not limited to, inconvenience, annoyance, frustration, anxiety, embarrassment, aggravation, and other general damages.

50. The acts and omissions of Defendant in handling Plaintiff's claim are so outrageous that Plaintiff is entitled to recover punitive damages from Defendant in order to punish Defendant and deter Defendant and other insurance companies from engaging in similar conduct in the future.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment against Defendants and that it grant all damages permissible under law, including declarations that Defendant has duties to pay defense costs and defend Plaintiff in the Underlying Dispute and to pay any liability that may be incurred by Plaintiff as a result of the Underlying Dispute; compensatory damages and general damages; punitive damages; attorneys' fees, costs, and expenses; pre-judgment and post-judgment interest; and any further relief the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all claims and of all issues so triable.

- 9 -

Dated: February 12, 2018

                                            <u>/S/ Dennis C. Taylor</u>
                                            Dennis C. Taylor (WV Bar #6965)
                                            TAYLOR AND PRICE PLLC
                                            Post Office Box 224
                                            Winfield, WV 25213
                                            Phone: +1 304.541.0332
                                            Email: dennistaylor@taylorpricelaw.com